**CHARLES WARNER CO. v. NAZARETH CEMENT CO.**

(District Court, E. D. Pennsylvania. Jan. 7, 1925.)

No. 7036.

1. **Limitation of actions** ☞157(2)—Payment from which no promise may be implied will not toll the statute.

A payment on a claim barred by limitation is the equivalent of a promise only because a promise is implied therefrom, and if the circumstances are such that a promise is not implied the payment will not toll the statute.

2. **Limitation of actions** ☞157(2)—Payment held not to toll statute.

Plaintiff, as defendant's selling agent, paid it for merchandise which plaintiff sold to a customer, from whom the price proved uncollectible, and defendant refused to return the payment. After the claim was barred by limitation, defendant became indebted to the customer, and at its suggestion an arrangement was made by which defendant paid the sum due the customer to plaintiff. *Held*, that no promise to pay the remainder of the claim, which would toll the statute, could be implied under the circumstances.

At Law. Action by the Charles Warner Company, a corporation of the State of Delaware, against the Nazareth Cement Company, a corporation of the State of Pennsylvania. See motion by plaintiff for new trial. Denied.

Owen J. Roberts and Robert T. McCracken, both of Philadelphia, Pa., for plaintiff.

Henry, Pepper, Bodine & Stokes and Thomas Stokes, all of Philadelphia, Pa., and George F. Coffin, of Easton, Pa., for defendant.

DICKINSON, District Judge. Our attention has just been called to the fact that the disposition of this motion was in some way overlooked. The controversy between these parties in such that an investigation into its merits would call for a lengthy and tedious inspection of complicated accounts, or might be reduced to one simple question, according to the method of approach adopted. The case began as an action of account, but inasmuch as the real controversy was single, and confined to one transaction, the parties entered into a trial stipulation to eliminate everything else.

The defendant is a manufacturing corporation; the plaintiff a selling agency. The latter was the exclusive sales agent of the former under what was in effect a del credere commission. The plaintiff accordingly paid the defendant for its product before the purchasers settled, and often before the sales were made, assuming full responsibility for all credits extended. This arrangement was then changed in the following respect: The plaintiff was relieved of responsibility for bad accounts, the risk of which was taken by the defendant. All sales, however, continued to be made by the plaintiff; so the new arrangement was conditioned upon the exercise of good business judgment by the plaintiff in extending credit.

At the trial all agreed that this left the rights and obligation of the parties such that, if the plaintiff had paid the defendant for shipments for which the ultimate purchasers failed to pay, the plaintiff had the right to have the advance payment returned, provided it had used a reasonably good business judgment in giving the credit; otherwise the defendant was not bound to refund. Among the purchasers of defendant's product was a concern known as the Girard Material Company, to which the plaintiff had given a line of credit. This account stood at $17,000 when the parties agreed it was uncollectible, and the plaintiff demanded the return of that sum, which had

been paid to the defendant. The defendant refused compliance with the demand, on the ground that the loss was the plaintiff's, because the plaintiff had not been guided by good business judgment in giving the credit. The plaintiff in turn denied the charge of bad judgment. An issue was thus squarely raised between them.

After the statute had closed on plaintiff's right of action this suit was brought. To the defendant's plea of the statute the plaintiff replied that the defendant had tolled the statute by a payment of $11,000 on account of the $17,000 claim. This thus became the sole issue of the cause. It was, of course, preceded by the preliminary question of whether there was any evidence from which the finding that the statute has been tolled could be made. This question was conceded to be one of law for the Court. As soon as the developments of the trial indicated this as the controlling question, counsel were called to a side bar conference and the wisdom of limiting the trial issues to this one was recognized by all, the plaintiff to be, of course, protected by an exception to binding instructions being given the jury. Such were accordingly given, and the sole question now left is whether this direction was proper. The defendant, understanding that binding instructions would be given, offered no evidence beyond the formal offer of the letter which accompanied, or at least arranged for, the payment. The facts are thus not in dispute, and indeed the evidence is chiefly in the writings.

The shift of the course of the trial of one from an action of account, embracing all the transactions between the parties, to one for the recovery of this specific $17,000 (or the balance of it), makes it a little difficult to extract the real issue from the stenographer's notes, so that a word of explanation is helpful, if not necessary, to supply the key. After this $17,000 account with the Girard Material Company was recognized to be bad and a loss, and after the parties had disagreed upon the question of which of them should bear the loss, the defendant took over into its own hands all further dealings with the Girard Material Company. In the course of these subsequent dealings a balance of $11,000 became payable to the Girard Material Company by the defendant. Having in mind this prior indebtedness of $17,000 owing by the Girard Material Company to the plaintiff, the defendant suggested to plaintiff that it get the consent of the Girard Material Company to the payment of this $11,000 balance to the plaintiff. This consent the plaintiff secured, and the payment was accordingly made. Mr. Warner, of the plaintiff company, who testified respecting the negotiations leading up to the payment of the $11,000, and whose testimony was as frank as it was intelligent, would not say that the defendant had ever admitted the $17,000 indebtedness, but, on the contrary, kept up its denial of it. He stood, as did the plaintiff and its counsel, upon the bald facts that the payment had been received, that it had been received at the hands of the defendant, and that the payment had been appropriated by the plaintiff to this indebtedness.

[1, 2] Is this sufficient to toll the statute? Without going into the cases, they are all in agreement upon the principles of law which are applicable. It is conceded on all hands that the moral obligation to pay an old debt is a sufficient consideration to support a new promise. This has led to a discussion of the formal distinction expressed in the question of whether the action should be based upon the old promise (with the statute tolled) or the new promise. This distinction later came to be regarded as of no practical importance. A payment on account is the equivalent of a promise, because such promise is implied. An implied promise can, however, have no more binding force than if expressed. The express promise is that "I owe you this debt, and now renew my promise to pay you." The implied promise is that "I owe you this debt, and now make you a payment on account, and promise to pay you the balance." There is no difference in the legal obligation. It arises wholly out of the promise.

Plaintiff and his counsel are wrong in their assumption that the obligation arises wholly out of the payment. This is of value at the most merely as evidence of the promise, and if no promise, express or implied, was made the mere payment is of no significance. Moreover, the plaintiff is in error in its inference that the $11,000 paid was the money of the defendant. It was not. It was the money of the Girard Material Company. It was in no more real sense the money of the defendant than the money with which the bank paid the check was the bank's money.

The motion for a new trial is denied, and judgment may be entered on the verdict in accordance with the usual practice.